UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| TYRONE L. KEYS,<br>Petitioner | CIVIL ACTION NO. 1:18-CV-1618-P |
| VERSUS | JUDGE DEE D. DRELL |
| CHRIS MCCONNEL,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus (28 U.S.C. § 2241) filed by pro se Petitioner Tyrone L. Keys ("Keys") (#13222-040).  Keys is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Greenville, Illinois.  At the time of filing, Keys was incarcerated at the Federal Correctional Institution in Pollock, Louisiana.  Keys challenges the length of his sentence.  (Doc. 1).

Because Keys has not exhausted his administrative remedies regarding the claims raised, and because this Court lacks jurisdiction over Keys's challenge to the sentence imposed, Keys's Petition should be DISMISSED WITH PREJUDICE as to the jurisdictional issue, but WITHOUT PREJUDICE as to the merits of his claim.

## I.   Background

Keys pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g).  The district court determined that Keys was an armed career criminal and sentenced him to 262 months of imprisonment.  United States v. Keys,

359 F. App'x 585 (6th Cir. 2009). The United States Court of Appeals for the Sixth Circuit affirmed the district court's judgment on direct appeal. Id.

Keys filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, which the district court denied. Keys v. United States, No. 1:10-CV-433, 2011 WL 1405073, at *7 (W.D. Mich. Apr. 13, 2011). The Sixth Circuit denied a certificate of appealability. Keys v. United States, No. 12-1838 (6th Cir. Feb. 28, 2013).

Keys filed two unsuccessful motions for authorization to file a second or successive § 2255 motion. In re: Tyrone Lavon Keys, No. 16-1172 (6th Cir. Feb. 22, 2017); In re: Tyrone Lavon Keys, No. 16-1134 (6th Cir. Feb. 22, 2017).

In a third motion for authorization, Keys argued that, in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), his convictions of breaking and entering and assault with intent to rob no longer qualify as violent felonies under the Armed Career Criminal Act. In re: Tyrone Lavon Keys, No. 17-1390 (6th Cir. Oct. 23, 2017). This time, the Sixth Circuit found that Keys made a prima facie showing that he may be entitled to relief on his claim that his conviction for assault with intent to rob no longer qualifies as a violent felony. Id. Thus, authorization was granted as to one claim. Id.

Keys's § 2255 motion is still pending. The district court stayed the case pending an en banc decision from the Sixth Circuit in a case "which may shed further light on a defendant's burden of proof in a § 2255 motion asserting a claim under Johnson…." Keys v. United States, No. 1:16-CV-115 (W.D. Mich., 10/30/18).

In the § 2241 motion before this Court, Keys alleges he is entitled to credit toward his federal sentence for time spent in state custody.  Keys also alleges that his attorney was negligent in not addressing Keys's state parole, so the judge was not informed and could not properly sentence Keys.  (Doc. 1-2).  Keys alleges that he failed to adequately articulate his claims when he filed an administrative remedy in 2012 because he did not request all the credit he now seeks.  (Doc. 1-2, Doc. 3).  Specifically, Keys indicates that he only sought credit from October 2006 through August 2008 in his administrative grievance, and he now seeks additional credit from August 2008 through the date he was received by the BOP in 2010.  (Doc. 1-2, pp. 2-3).

## II.   Law and Analysis

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993) (quoting United States v. Gabor, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); United States v. Cleto, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). An exception to this requirement may be made if the petitioner demonstrates "extraordinary circumstances" such as the unavailability of administrative remedies, the inappropriateness of the remedies, or the futility of pursuing such remedies. Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994).  The petitioner bears the burden of demonstrating extraordinary circumstances. See Fuller 11 F.3d at 62.

Keys mentions an administrative grievance filed in 2012, but states that he did not raise all of his claims in that grievance.  (Doc. 1-2, p. 3).  Therefore, it does not

3

appear that Keys properly and completely exhausted his administrative remedies. Keys was ordered to amend his Petition to state whether he filed an administrative remedy regarding the claims raised in his §2241 Petition and whether he appealed the denial of relief through the regional and national levels. If so, Keys was to provide copies of the requests and responses received at each level. Keys failed to comply with the Court's Order. Keys submitted a Supplemental Petition but did not mention any administrative grievance or provide copies indicating exhaustion. (Doc. 8). Rather, Keys's Supplemental Petition argues that Keys was denied a speedy trial and his sentence was improperly enhanced. (Doc. 8).

To the extent Keys challenges the length of the sentence imposed as opposed to the BOP's calculation of the sentence, his claim must proceed in his pending § 2255 motion, as this Court lacks jurisdiction. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000) (§ 2255 is generally used to collaterally attack a federal conviction or sentence).

## III. Conclusion

Because Keys has not exhausted his administrative remedies and because this Court lacks jurisdiction over Keys's challenge to the sentence imposed, IT IS RECOMMENDED that Keys's Petition be DISMISSED WITH PREJUDICE as to the jurisdictional issue, but WITHOUT PREJUDICE as to the merits of Keys's claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with

the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof.  No other briefs (such as supplemental objections, reply briefs, etc.) may be filed.  Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __9th__ day of April, 2019.

Joseph H.L. Perez-Montes
United States Magistrate Judge